## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JEFFREY MICHAEL REYNOLDS**                          **CIVIL ACTION**

**VERSUS**                                            **NO.   21-312**

**STATE OF LOUISIANA**                                **SECTION: "A" (5)**

## REPORT AND RECOMMENDATION

*Pro se* Petitioner, Jeffrey Michael Reynolds, filed this petition for a writ of habeas corpus relief pursuant to 28 U.S.C. § 2254.    He challenges his conviction and sentence for attempted second degree murder and first degree feticide, entered in the 21st Judicial District Court for the Parish of Livingston, State of Louisiana.[1]    Livingston Parish is located within the jurisdictional boundaries of the United States District Court for the Middle District of Louisiana.    28 U.S.C. § 98(b).    The Petitioner is presently confined in the Nelson Coleman Correctional Center, which is in St. Charles Parish within the Eastern District of Louisiana.    28 U.S.C. § 98(a).

Jurisdiction is appropriate in either the district of confinement or the district of conviction pursuant to Title 28 U.S.C. § 2241(d), which provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. *The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.*

Title 28 U.S.C. § 2241(d) (emphasis added).

---

[1] Petitioner has paid the $5.00 filing fee.

Section 2241(d) expressly contemplates that one district may be the more appropriate venue in certain instances and allows for the exercise of discretion in making that determination.   General venue rules also recognize that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. § 1404(a).

Courts traditionally recognize the more appropriate venue for challenges to the legality of a conviction is the district where the state-court conviction was entered because, naturally, the evidence and witnesses may be more easily accessed in the district of conviction rather than the district of confinement.   *See Story v. Collins*, 920 F.2d 1247, 1250-51 (5th Cir. 1991); *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *Dickerson v. Louisiana*, No. 14-CV-2354, 2015 WL 2185817 (W.D. La. May 7, 2015) (although concurrent jurisdiction exists, venue is more appropriate in district where the conviction occurred); *Gee v. Thaler*, No. 12-CV-0409, 2013 WL 1932660 (S.D. Tex. Apr. 17, 2013), *adopted*, 2013 WL 1916933 (S. D. Tex. May 7, 2013) (same); *Harms v. Tucker*, No. 12-CV-0324, 2012 WL 3288753 (N.D. Fla. July 10, 2012), *adopted*, 2012 WL 3288743 (N.D. Fla. Aug. 9, 2012) (same). In addition, representation of the respondent in these cases is ordinarily handled by the office of the district attorney for the parish in which petitioner was prosecuted and convicted.

In this case, it appears that the more convenient forum would be the Middle District of Louisiana, which includes the Parish of Livingston, where the convicting state court, the district attorney's office that will likely represent Respondent, the relevant evidence, and

state court records material to the petition are all located.    Transfer to another district under these circumstances lies within the Court's discretion.    *See Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998).

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that Jeffrey Michael Reynolds' habeas petition be transferred to the United States District Court for the Middle District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.    *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. §636(b)(1)).[2]

New Orleans, Louisiana, this __15th__ day of March, 2021.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.